**In re Charles FERRILL
and Phyllis Ferrill.**

**Bankruptcy No. 8708634 SEG.**

United States Bankruptcy Court,
S.D. Mississippi, S.D.

Feb. 26, 1988.

### ORDER

EDWARD R. GAINES, Bankruptcy
Judge.

There came to be heard the objection of
the Hancock Bank to the Debtors' proposed
Chapter 13 plan. The bank objected to the
failure of the debtors to provide present
value on the bank's secured claim under
§ 1325(a)(5)(B)(ii).

Having considered the pleadings, memoranda and oral arguments of counsel for
the parties, the Court is of the opinion that
said objection is well taken and should be
sustained on the issue of the appropriate
discount or interest rate on deferred payments to secured creditors under Chapter
13 plans.

No factual issues were presented to the
Court for determination.

Unfortunately, the Bankruptcy Courts
are divided in their opinions as to the appropriate discount rate. Most have
adopted one of the following formulas:

1. Rate of interest stated in contract;

2. Rate of interest determined under
   Section 6621 of the Internal Revenue
   Code;

3. Legal or statutory rate;

4. Fixed rate (e.g. 12 percent in Bankruptcy Courts in the Southern District of Mississippi);

5. An average of the legal rate and the
   contract rate;

6. Prevailing prime interest rate;

7. Three month Treasury Bill rate with
   an upward adjustment for risk;

8. Averaging the contract rate, the
   maximum interest rate allowed under
   state law in installment sales contracts, and an unexplained "leveling
   factor" of six percent.

While the Bankruptcy Courts are in conflict, there appears to be uniformity among
the Circuit Courts of Appeals that have
dealt with this difficult matter.

While the Fifth Circuit Court of Appeals
has not ruled on the question, the Sixth,
Eighth, Ninth, and Eleventh Circuit Courts
of Appeals have. *See Memphis Bank and
Trust Co. v. Whitman,* 692 F.2d 427 (6th
Cir.1982); *In re Southern States Motor
Inns, Inc.,* 709 F.2d 647 (11th Cir.1983); *In
re Monnier Brothers,* 755 F.2d 1336 (8th

Cir.1985); *In re Colegrove,* 771 F.2d 119 (6th Cir.1985); *United States v. Neal Pharmacal Co.,* 789 F.2d 1283 (8th Cir.1986); *In re Camino Real Landscape Maintenance Contractors, Inc.,* 818 F.2d 1503 (9th Cir. 1987).

■ This Court has reviewed those decisions and has reluctantly determined that the appropriate discount or interest rate on deferred payments to each allowed secured creditor in a Chapter 13 plan is the lesser of the following:

1. The contract rate,

OR

2. The prevailing market rate for a loan of a term equal to the payout period, with due consideration of the quality of the security and the risk of subsequent default.

■ In this particular case, the absence of any evidence that the market rate is less than the contract rate, the contract rate is hereby allowed as the appropriate discount rate to be applied in the Chapter 13 plan of these debtors.

This Court is painfully aware of and sympathetic with the burden that this decision places upon the debtors and the attorneys for debtors in Chapter 13 plans. In most cases, the debtors will not have the funds to pay for the type of legal representation and evidentiary proceedings necessary to refute the contract rate. However, in light of the rulings in the Circuit Courts of Appeal, the Court finds itself left with no alternative.

SO ORDERED.